**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2510
_____

JOSE AMAYA ALEMAN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review from an
Administrative Order of Removal
of the Department of Homeland Security
(A096-209-126)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 14, 2020

Before: KRAUSE, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: September 15, 2020)
_____

**OPINION**[*]

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

_____

BIBAS, *Circuit Judge*.

Jose Amaya Aleman, a Honduran, was removed from the United States but then returned. The Department of Homeland Security caught him and reinstated his order of removal. Amaya Aleman wants to apply for withholding of removal and protection under the Convention Against Torture. To get withholding, he must have "a reasonable fear" that if he returns to Honduras, he would face persecution based on a protected characteristic. 8 C.F.R. § 208.31.

So far, Amaya Aleman has failed to convince the Government of that. In an interview with an asylum officer, he explained that if he returned to Honduras, a gang would retaliate against him because he had reported them to the police. The officer seemed to agree that he feared persecution. Still, the officer denied his claim because he found that any persecution would not be "on account of a protected ground." App. 39. The officer did not think that Amaya Aleman's proposed particular social group of "Hondurans who have reported gang activity to the police" was cognizable. *Id.* An immigration judge affirmed the asylum officer's decision on the basis that Amaya Aleman "failed to establish [a] nexus" between the persecution he feared and a protected ground. App. 7. He now petitions for review of the immigration judge's decision. We review questions of law de novo and factual findings for substantial evidence. *Dutton-Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017); *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018).

The immigration judge's decision is ambiguous. Her reasoning could mean that Amaya Aleman would be persecuted for reasons other than his reporting gang activity to the police.

2

Or it might mean that persecution *would* happen for that reason, but that those who report gang activity to the police are not members of a protected group.

The difference between those two rationales matters. After the immigration judge's decision, we recognized as a particular social group "persons who publicly provide assistance to law enforcement against major Salvadoran gangs." *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 179–80 (3d Cir. 2020). Persecution based on membership in that group can qualify an alien for asylum or withholding of removal. *See id.* at 178–80. If the immigration judge thought that those who report gang activity to the police are not members of a protected group, then *Guzman Orellana* may cast doubt on her decision.

We will thus remand this case to the immigration judge to elaborate on her reasoning. She is free to clarify that she finds Amaya Aleman's fear of persecution is not reasonably based on his reporting gang activity to the Honduran police. But if she finds that reporting gang activity to the police is "at least one central reason" for his fear of persecution, then she should reconsider her decision in light of *Guzman Orellana*. 8 U.S.C. § 1158(b)(1)(B)(i).